# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KODY GAMBLE** | : |
| **Plaintiff** | : |
| v. | : 3:16-CV-01960 |
| | : (JUDGE MARIANI) |
| **TREETOP DEVELOPMENT, LLC, et al.** | : |
| **Defendants** | : |

## MEMORANDUM OPINION

Presently before the Court is the "Motion for Leave to File a Third-Party Complaint of Defendants, Treetop Development, LLC and the Aspen Companies, LLC Pursuant to F.R.C.P. 14(a)" (Doc. 12). Plaintiff timely filed a Brief in Opposition to Defendants' Motion (Doc. 14) to which Defendants filed a Reply Brief (Doc. 15). The matter having been fully briefed, it is now ripe for resolution. For the reasons that follow, the Court will grant Defendants' Motion.

On September 12, 2016, Plaintiff, Kody Gamble, filed a Complaint against Defendants Treetop Development, LLC, and The Aspen Companies, LLC in the Court of Common Pleas of Luzerne County. (Doc. 1-1). Defendants thereafter removed the action to this Court on the basis of diversity of citizenship on September 27, 2016 (Doc. 1) and filed an Answer to the Complaint on October 11, 2016 (Doc. 3).

Plaintiff's Complaint alleges that on September 14, 2014, while visiting a friend at Sherman Hills, Gamble was shot by an "unknown person" (Doc. 1-1, at ¶¶ 10, 11). Plaintiff further alleges that Defendants owned Sherman Hills at the relevant time. (*Id.* at ¶ 6). As a

result, Plaintiff's Complaint sets forth one count of Negligence against the defendants, alleging that the injuries sustained by Plaintiff "are the direct and proximate result of the carelessness and negligence of the Defendants." (*Id.* at ¶¶ 26-29).

Defendants Treetop Development, LLC and the Aspen Companies, LLC, now request leave to file a Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14 against LeQuan Graham "who, upon information and belief, is the person responsible for shooting plaintiff Kody Gamble on September 14, 2014, the incident giving rise to plaintiff's cause of action." (Doc. 12).

The purpose of Federal Rule of Civil Procedure 14 is to reduce duplicative litigation and the multiplicity of actions. Therefore, courts liberally construe Rule 14 and, in the interest of judicial economy, should liberally grant motions for leave to join third parties. *See Gonzalez v. Angelus Sanitary Canning Mach. Co.*, 2010 WL 4514332, at * 2 (M.D. Pa. 2010); *Con-Tech Sales Defined Ben. Trust v. Cockerham*, 715 F.Supp. 701, 703-704 (E.D. Pa. 1989).

Pursuant to Federal Rule of Civil Procedure 14,

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). However,

> [a] third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

2

*FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, *Federal Practice and Procedure,* Vol. 6, § 1446, at 355–58 (1990)). Thus, "[i]mpleader under Rule 14(a) is . . . merely a procedural device for asserting a claim, and the legal ground for the claim must be found in the applicable substantive law, whether federal or state." 1 Moore's Federal Rules Pamphlet § 14.3[2] (Matthew Bender) (2017). Upon demonstrating a substantive basis for the third-party claim, when determining whether to permit the joinder, federal courts generally consider "(1) the possibility [of] prejudice to the plaintiff; (2) the complication of issues at trial; (3) the probability of trial delay, and (4) the timeliness of the motion." *Gonzalez*, 2010 WL 4514332, at * 2 (collecting cases).

The Court first turns to whether there is a substantive basis for the defendants' claims against LeQuan Graham. Defendants' Third Party Complaint alleges that the "negligent, reckless willful and wanton conduct" of Graham when he shot Gamble and failed to seek medical attention or assistance for Gamble "was the sole and exclusive cause of [Gamble's] claimed physical and emotional injuries and damages that are being claimed in this case by the plaintiff." (Doc. 12, Ex. 1, at ¶¶ 9-10). Defendants further state that

> If the plaintiff, Kody Gamble, is able to prove a prima facia [*sic*] case at the time of trial against original defendants, Third-Party Plaintiffs, Treetop Development, LLC, and The Aspen Companies, LLC, then Treetop Development, LLC, and The Aspen Companies, LLC, believes and therefore avers that Third Party defendant, LeQuan Graham, is solely liable to the plaintiff, Kody Gamble, jointly or severely [*sic*] liable, or liable over to the original defendants, Treetop Development, LLC, and The Aspen Companies, LLC, for contribution and/or indemnification.

(*Id.* at ¶ 11).

3

Here, because Pennsylvania law governs in this action, the Court must apply state law in determining the substantive basis for Defendants' claims. A third party complaint "must set forth a claim of *secondary* liability such that, if the third party plaintiff is found liable, the third party defendant will be liable to him/her under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law." *Toberman v. Copas*, 800 F.Supp. 1239, 1242 (M.D.Pa. 1992)(emphasis in original). Under Pennsylvania law, "[t]he right of contribution exists among joint tort-feasors." 42 Pa. C.S.A. § 8324(a). The term "joint tort-feasors" is defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. C.S.A. § 8322. *See also, Tiesler v. Martin Paint Stores, Inc.*, 76 FRD 640 (E.D. Pa. 1977)("The right of contribution among joint tortfeasors is one of substantive law."); *Scott v. Walter Kidde Portable Equip., Inc.*, 2002 WL 1880521, *2 (E.D.Pa. 2002) ("the basis for third-party liability is generally either contribution or indemnity") (citing *Anderson v. Dreibelbis,* 104 F.R.D. 415, 416 (E.D.Pa. 1984), *aff'd,* 787 F.2d 580 (3d Cir. 1986)).

Although Plaintiff argues that "impleader is not proper when the third-party plaintiff alleges only that the third-party defendant is solely liable to the plaintiff", citing to *Tiesler v. Martin Paint Stores, Inc.*, 76 F.R.D. 640 (E.D. Pa. 1977), Plaintiff misinterprets both the case and Defendants' claims. In *Tiesler*, the Court explained:

> Impleader is proper and the claim not separate or independent if the third party's liability is in some way derivative of the outcome of the main claim in that the defendant seeks to hold the third party secondarily liable to him or to

4

pass on to the third party all or part of the liability asserted against the defendant. [*United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967)]. It is immaterial that the liability of the third party is not identical to or rests on a different theory than that underlying plaintiff's claim. *Southern Milling Co. v. United States*, 270 F.2d 80 (5th Cir. 1959); *Lee's Inc. v. Transcontinental Underwriters, Inc.*, 9 F.R.D. 470 (D.Md. 1949).

Thus, it is not permissible to bring in a person as a third-party defendant simply because he is or may be liable to the plaintiff. *National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137 (W.D.Pa.1964). Third party practice is permitted only where the defendant can show that if he is found liable to plaintiff, the third party will be liable to him. *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 743 (S.D.N.Y.1976). However, the Rule is not limited to situations in which the third-party defendant would automatically be liable for all or part of plaintiff's claim. *Stiber v. United States*, 60 F.R.D. 668 (E.D.Pa. 1973); *McGee v. United States*, 62 F.R.D. 205 (E.D.Pa. 1973). Rather, the complaint should be allowed to stand, even if recovery is not certain, if under some construction of facts which might be adduced at trial, recovery would be possible. *Stiber*, supra at 669.

*Id.* at 642-643.

Here, Defendants' Third Party Complaint is premised on a theory of contribution and indemnification, which forms a proper substantive basis for Defendants' third-party complaint. Just as in *Tiesler*, "[t]he defendant[s] claim[] that the third party is a joint tortfeasor and is jointly or severally liable in tort for the same accident and injury to the plaintiff" 76 F.R.D. at 643. Although "it is not permissible to bring in a person as a third-party defendant simply because he is or may be liable to the plaintiff", *id.* at 642-643, Defendants' Third Party Complaint is not limited to a claim that Graham would be solely liable to Graham. Instead, Defendants' Complaint further alleges that, if Defendants are found liable to Gamble, Graham will be jointly or severally liable to Defendants.

5

Therefore, the defendants have properly asserted a substantive basis for their claim. The Court thus turns to the four factors generally considered by federal courts when deciding whether to permit the joinder of a third-party defendant pursuant to Rule 14.

In opposing Defendants' motion, Plaintiff inexplicably fails to address three of the four factors, including (1) the possibility of prejudice to the plaintiff; (2) the complication of issues at trial; and (3) the probability of trial delay. (*See generally*, Doc. 14). Instead, Plaintiff focuses exclusively on the fourth factor, i.e. the timeliness of the motion. (*Id.* at 3-4).

Nonetheless, the first three factors clearly weigh in favor of granting Defendants' motion. This action is less than a year old, no case management deadline has expired (*see* Doc. 18), and a trial date has yet to be scheduled. Furthermore, impleading Graham will help bring all relevant facts to light and provide a more complete picture both to the Court and to the trier of fact should this action reach the trial stage. Allowing Defendants to implead Graham and state a claim for indemnification and contribution will, in no way, prejudice plaintiff, delay trial in this matter, or complicate issues at trial, nor does Plaintiff attempt to argue otherwise.

With respect to timeliness of a Rule 14 motion, the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer. Fed. R. Civ. P. 14(a)(1). Pursuant to the Local Rules:

> A motion by a defendant for leave to join a third-party defendant under Fed.R.Civ.P.14(a) shall be made within three (3) months after an order has been

entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur.

M.D. Pa. Local Rule 14.1.

Here, Defendants have filed a motion for leave to file a third-party complaint, in conformity with Fed. R. Civ. P. 14, and Plaintiff admits that the Defendants' motion "is timely pursuant to Local Rule 14.1" (Doc. 14, at 4). However, Plaintiff sets forth two arguments with respect to why this Court should not consider Defendants' motion to be timely.

Plaintiff asserts that "the Defendants knew, or should have known, about the identity of the individual who shot the Plaintiff around the time of the incident, i.e. September of 2014 [and w]aiting almost two-and-a-half years after to assert claims against Mr. Graham is cause enough to deny Defendants' Motion." (Doc. 14, at 4). Plaintiff's argument demonstrates a complete lack of candor to this Court. First, Plaintiff's Complaint, filed on September 12, 2016, approximately two years after the shooting at issue, alleges that Gamble was shot by an "unknown person ('Thug')." (Doc. 1-1, at ¶ 11). If Plaintiff himself was unaware of "Thug's" identity in September of 2016, there is no reason to believe that Defendants knew, or should have known, that "Thug" was Graham at that time. Second, in the case management plan, filed by the parties on December 28, 2016, the parties agreed that "Plaintiff claims that he does not know who shot him", and Defendants specifically stated that "[i]f the intentional shooter is identified during the course of discovery in this matter, defendant intends to join him." (See Doc. 8, at §§ 1.2, 1.6). When the issue of the defendants possibly joining the intentional shooter was raised during the case management

7

conference with this Court on January 5, 2017, Plaintiff did not express opposition or suggest that the identity of the shooter was already known. Instead, counsel for the parties informed the Court at that time that they had agreed not to set dates for amending the pleadings or joining additional parties because the defendants were in the process of attempting to ascertain the identity of the "intentional shooter" and that the parties were unsure when they may obtain this information. For Plaintiff to now assert that "the Defendants knew, or should have known, about the identity of the individual who shot the Plaintiff around the time of the incident, i.e. September of 2014" is disingenuous and defies common sense. Plaintiff himself apparently did not even know the identity of his own shooter until sometime after January, 2017.

Plaintiff's second argument with respect to timeliness is equally without merit. Plaintiff asserts that "[t]he statute of limitations on Plaintiff's personal injury claim expired on September 14, 2016" and therefore Defendants should "be barred from joining Mr. Graham as a third-party defendant in this matter." (Doc. 14, at 4). As explained above, Defendants' Third Party Complaint in this matter is premised on a theory of contribution and indemnification. Defendants admit that they "are not asserting a negligence action against proposed Third-Party Defendant, LeQuan Graham, but an action sounding in contribution and/or indemnification." (Doc. 15, at 3). Therefore, the state law two-year statute of limitations for personal injury claims is inapplicable in the present case. Rather, "[i]t is long-settled that claims for indemnification or contribution do not arise until the party seeking contribution or indemnity has had a judgment rendered against it or upon payment of a

8

claim." *Site-Blauvelt Eng'rs, Inc. v. First Union Corp.*, 153 F.Supp.2d 707, 710 (E.D.Pa. 2001) (collecting cases). *See also, Pennsylvania Nat. Mut. Cas. Ins. Co. v. Nicholson Const. Co.*, 542 A.2d 123, 126 (Pa. Super. Ct. 1988) ("[I]n an action for contribution, the applicable limitation period is six years commencing from the entry of judgment against the joint tortfeasors."). Because no judgment has been entered in this action and there has been no payment of a claim yet, Defendants' claims have not accrued and are clearly well-within the applicable statute of limitations.

For the foregoing reasons, the Court will grant the "Motion for Leave to File a Third-Party Complaint of Defendants, Treetop Development, LLC and the Aspen Companies, LLC Pursuant to F.R.C.P. 14(a)" (Doc. 12). Defendants' Third-Party Complaint demonstrates a substantive basis for their third-party claim, and the four factors generally considered by federal courts when determining whether to grant a motion for leave to join third parties each weigh in favor of the defendants.

A separate order follows.

Robert D. Mariani
United States District Judge

9